UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SHAON ROBINSON, DANIEL CHILDS, DANTE WARD, and RAYE JACKSON, on behalf of themselves and all others similarly situated, and the general public,

       Plaintiffs,

  v.

NESTLE WATERS NORTH AMERICA, INC. dba ARROWHEAD WATERS, a Delaware Corporation, and DOES 1 through 10, inclusive,

       Defendants.
_____/

NO. CIV. S-11-856 LKK/KJN

O R D E R

    The instant case presents the question of whether this court should decline to exercise jurisdiction over a case while a substantially similar case is pending in the state court. For the reasons stated below, the court finds that exceptional circumstances justify dismissal of this action.

////

////

# I. BACKGROUND[1]

## A. State Court Proceedings

On December 27, 2010, named plaintiff Shaon Robinson ("Robinson") filed a complaint against defendant Nestle Waters North America, Inc. ("Nestle") in the Alameda County Superior Court, on behalf of "all non-exempt hourly employees who worked as Route Sales Representatives in California from October 8, 2005 to the date of filing." State Complaint, 2, Doc. No. 11-1. The state complaint alleges failure to pay for scheduled work days in violation of the Industrial Welfare Commission Wage Orders, failure to properly compensate employees for all hours worked, failure to furnish wage and hour statements, failure to maintain employee time records, and failure to pay wages and other compensation due within time limits upon employee discharge, in violation of the California Labor Code; and unfair business practices in violation of the California Business and Professions Code. Id.

On January 31, 2011, defendant moved to change venue to Orange County, where defendant's California records are located. See Schumacher Decl., Doc. No 11-5. During the hearing on the motion to transfer, Robinson's counsel stated that Orange County was not a "jurisdiction [plaintiff] want[s] to be in," and requested that the judge remove the action to the Northern District. Transcript March

---

[1] The court grants defendant's requests for judicial notice, filed April 8, 2011, and May 2, 2011, as the exhibits are publicly recorded documents for which judicial notice is proper, and the federal plaintiffs have raised no objections to their use. Fed. R. Evid. § 201.

2

11 Hearing, 1:24-28, 2:9-19, Doc. No. 11-2. The court denied Robinson's request. The court held that Alameda was an improper venue because it was not the site of any of the causes of action, and transferred the action to Orange County. Alameda Order, Doc. No. 11-3.

**B.   Federal Proceedings**

On March 29, 2011, named plaintiffs Robinson, Daniel Childs, Dante Ward and Raye Jackson (together "federal plaintiffs") filed a complaint in this court, seeking to represent "all non-exempt hourly employees of Nestle, who worked as Route Sales Representatives ("RSRs")in California, March 24, 2007 to the date of filing this complaint," and "all current and former employees of Nestle who were employed as RSRs at any time within the three years prior to the filing of the initial complaint." Federal Complaint, 1, Doc. No. 1. The federal complaint alleged largely the same causes of action as the previously filed state complaint. It differs from the state complaint in three respects. The federal complaint includes an additional overtime claim under the FSLA on behalf of a "nationwide class." The federal complaint includes three additional named plaintiffs, Daniel Childs, Dante Ward, and Raye Jackson, who were unnamed members of the putative class in the state action. Finally, the claim filed in state court sought to represent RSRs employed during an earlier period, "October 8, 2005 to the date of filing [the state] complaint," as opposed to March 24, 2007. State Complaint, 2, Doc. No. 11-1. On April 8, 2011, defendant filed the instant motion to dismiss or stay, asserting as

3

a ground comity with the state court system and that the federal plaintiffs previously filed a substantially similar case in state court. Motion, Doc. No. 9.

### C. Subsequent State Court Proceedings

On April 13, 2011, Robinson moved for dismissal of class claims from the Orange County action to allow all the claims to be litigated in the Eastern District. Application to Dismiss, Ex. B to Opp'n, Doc. No. 12-1. Robinson contended that prejudice to the California class members would not result from the dismissal. Id. On the same day, the Orange County Superior Court granted Robinson's motion to dismiss without prejudice. Order, Ex. C to Opp'n, Doc. No. 12-1. Defendant has moved for reconsideration of that order on the grounds that, *inter alia,* defendant was not served with the motion and, thus, was not provided with an opportunity to oppose it and that prejudice would result to the potential California class members. Motion for Reconsideration, Ex. 2 to RFJN, Doc. No. 16.

### II. STANDARD FOR <u>COLORADO RIVER</u> ABSTENTION

"The doctrine of abstention, under which a District Court may decline to exercise or postpone the exercise of its jurisdiction, is an extraordinary and narrow exception" to the court's duty to adjudicate claims properly before it. <u>Colo. River Water Conservation v. U.S.</u> 424 U.S. 800, 813 (1976). Abdication of this duty is justified only in "exceptional circumstances." Id. Generally, the pendency of an action in state court regarding similar matters will not bar a proceeding in federal court with

4

proper jurisdiction. Id. at 817. However, a court may justify a stay or dismissal in the interest of "wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." Id. at 818.

In Colorado River, the Supreme Court identified non-exclusive factors that a district court may consider when entertaining a motion to dismiss or stay an action due to a parallel state action. Colo. River, 424 U.S. at 818-19. The consideration of factors is a balancing test. No one factor is determinative, and the balance must always tip heavily in favor of exercising jurisdiction. Id; American Int'l Underwriters (Philippines), Inc. v. Cont'l Ins. Co., 843 F.2d 1243, 1259-60 (9th Cir. 1988). The court must make a "carefully considered judgment taking into account both the obligation to exercise jurisdiction and the combination of factors counseling against that exercise." Colorado River, 424 U.S. at 818-19. When a court declines to exercise jurisdiction under the Colorado River doctrine, it concludes that the concurrent state court litigation is an adequate vehicle for resolution of the claims. "If there is any substantial doubt as to this, it would be a serious abuse of discretion to grant the stay or dismissal at all." Fed. Deposit Ins. Corp. v. Nichols, 885 F.2d 633, 638 (9th Cir. 1989).

A federal court determining whether a stay or dismissal is appropriate in the event of concurrent jurisdiction may consider (1) the inconvenience of the federal forum, (2) the desirability of avoiding piecemeal litigation, and (3) the order in which

jurisdiction was obtained by the concurrent forums.[2] <u>Colorado River</u>, 424 U.S. at 818-19. The court may also consider (4) whether federal law provides the rule of decision on the merits, and (5) whether the state court is adequate to protect the litigants' rights. <u>Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.</u>, 460 U.S. 1, 23 (1983). Also, the Ninth Circuit has held that (6) forum shopping is "another important factor to consider." <u>Travelers Indemnity Co. v. Madonna</u>, 914 F.2d 1364, 1368 (9th Cir. 1990). However, the Circuit has cautioned that courts should not decline to exercise jurisdiction on the basis of the forum shopping factor alone. <u>Fed. Deposit Ins. Corp.</u>, 885 F.2d at 637.

The Ninth Circuit also applies a related doctrine applying the rationale prohibiting plaintiffs from removing cases to federal court under 28 U.S.C. § 1441 to prohibit such plaintiffs from filing repetitive lawsuits in federal court to get around the bar. <u>Am. Int'l Underwriters</u>, 843 F.2d at 1260. The Circuit determined that, "the removal statute seem[s] to reflect a Congressional intent that a plaintiff should not be permitted to alter the forum that [he] selects to litigate [his] claim against a particular defendant." <u>Id.</u> The court, thus, concluded that a plaintiff "should not be permitted to accomplish, by the *refiling* of [his] state court complaint, what would clearly be prohibited if [plaintiff] tried to remove [from] state court." <u>Id.</u>

---

[2] In actions relating to property, "the court first assuming jurisdiction over property may exercise that jurisdiction to the exclusion of other courts." <u>Colorado River</u>, 424 U.S. at 818. This factor is not relevant to this action.

6

**III. ANALYSIS**

The court now balances the <u>Colorado River</u> factors and related doctrines applicable in this Circuit. For the reasons discussed below, defendant's motion to dismiss is granted.

**A.   Inconvenience of the Federal Forum**

When evaluating this factor, the question is not whether a party can demonstrate that the federal forum is the more convenient forum, but rather whether "the inconvenience of the federal forum is so great that this factor points toward abstention." <u>Travelers Indemnity Co.</u>, 914 F.2d at 1368. Defendant claims that the Eastern District is not a convenient forum due to the location of its business records and relevant witnesses in Orange County where the state action currently is pending. Motion, 15, Doc. No. 9. The federal plaintiffs point out that all the named plaintiffs and defendant's counsel are located in the Eastern District. Opp'n, 3,4, Doc. No. 12. Defendant has not shown that the federal forum is so inconvenient as to justify the exceptional remedy of abstention. Thus, this factor does not weigh in favor of abstention.

**B.   Avoiding Piecemeal Litigation**

"Piecemeal litigation occurs when different tribunals consider the same issue, thereby duplicating efforts and possibly reaching different results." <u>Am. Int'l Underwriters</u>, 843 F.2d at 1258. In <u>American International Underwriters</u>, the court determined that by exercising concurrent jurisdiction, the federal court created a high risk of piecemeal litigation. In that case, the state court proceedings had been ongoing for over two years, and had already

decided several of the issues that would now come before the federal court. American Int'l Underwriters, 843 F.2d at 1258. The court determined that exercising jurisdiction over the case and deciding those same issues anew would create a high possibility of inconsistency. Id.

While the state proceedings here are not as advanced as they were in American International Underwriters, the court nonetheless finds that this factor weighs in favor of abstention. Specifically, the action pending in Orange County is substantially similar to the case before this court. The claims are nearly identical and in the one instance where they are not they are premised on identical alleged conduct of defendant. Prior to the dismissal of the class claims on April 13, 2011, several days after defendant's motion was filed in this court, a majority of the parties were also identical. Defendant has moved for reconsideration of the state court's dismissal of the class claims. Ex. 2 to RFJN, Doc. No. 16. Counsel for defendant represented that the motion is set to be heard in the next month. Even if the state court denies defendant's motion, however, it appears that Robinson may nonetheless amend his complaint to add class allegations and add the other federal plaintiffs as named plaintiffs because the dismissal was without prejudice.

The Northern District of California considered a similar question in Ross v. U.S. Bank Nat'l Ass'n, 542 F. Supp. 2d 1014 (N.D. Cal. 2008). In that case, the plaintiff failed to explain why it did not bring the federal causes of action into the state court

8

1  action. Id. at 1022. It found that "[p]laintiffs' failure to bring
2  all available claims for the [state] class creates the kind of
3  piecemeal litigation that the Colorado River doctrine intends to
4  prevent. Therefore, this factor weighs in favor of staying the
5  current action with respect to the [state] class." Id. Likewise,
6  the court finds that this factor weighs strongly in favor of
7  dismissal in the present case.

### C. Order in Which Jurisdiction was Obtained

When determining whether to exercise concurrent jurisdiction, the court may consider the order in which jurisdiction was obtained by the two forums. Colorado River, 424 U.S. at 818. This factor must be applied in a "pragmatic, flexible manner, so that priority is not measured exclusively in terms of which complaint was filed first, but rather in terms of how much progress was actually made in the state and federal actions." American Int'l Underwriters, 843 F.2d at 1258. As discussed above, little progress has been made in either forum in this case. The state court action has only begun discovery. Motion, 12, Doc. No. 9. Therefore this factor does not suggest that the district court should decline jurisdiction.

### D. Whether Federal Law Provides the Rule of Decision

The court's task in assessing this factor is not to justify the district court's exercise of jurisdiction, but rather to determine whether there are exceptional circumstances that justify the surrender of that jurisdiction. Cone, 460 U.S. at 25. "The presence of federal-law issues must always be a major factor weighing against surrender." Id. at 26. In Colorado River, the

1  court concluded that despite the presence of federal issues,
2  exceptional circumstances justified the surrender of federal
3  jurisdiction. Important state law concerns were more prevalent, and
4  this coincided with a federal policy of uniform adjudication of
5  water rights within the state. <u>Colorado River</u>, 424 U.S. at 819-20.
6        In the present case, a single federal overtime claim under the
7  FSLA is countered by eight claims under California law.
8  Specifically, to the extent that the FLSA claim applies to
9  employees under the jurisdiction of California law, the federal
10 plaintiffs' second state law cause of action may duplicate or
11 supplant the federal claim for overtime. Federal Complaint 1, Doc.
12 No. 1. Further, the California Labor Code claims may present
13 complex and unique questions of state law. Among these, are

     (1)   guaranteed minimum pay requirements when employees appear at the workplace but immediately and voluntarily leave without performing work,

     (2)   the employer's obligation to provide a timely final paycheck when employees terminate under various circumstances, and

     (3)   the proper content of state-mandated wage statements and whether failure to include that content results in recoverable damages.

20       While the existence of these state law questions alone would
21 not counsel against the exercise of the district court's
22 jurisdiction, it is clear that state law issues dominate this
23 claim, and that the state court is better situated to resolve these
24 questions. This conclusion is further supported by the fact that
25 the federal plaintiffs only recently came to believe in the
26 "likely" existence of the FSLA claims. Hoffman Decl., Ex. B to

Opp'n, 1, Doc. No. 12-1. The federal plaintiffs' late discovery of the federal causes of action raises questions about their sincerity in pursuing these claims.

**E.     Whether State Court is Inadequate to Protect Litigants' Rights**

The court may also consider whether the state court is inadequate to protect the federal litigant's rights. <u>Travelers Indemnity Co.</u>, 914 F.2d at 1370. Like the choice of law factor discussed above, this factor is more important when it weighs in favor of federal jurisdiction, not against it. <u>Id.</u> at 1370.

The state court has authority to hear all the claims alleged in the federal complaint, including the outstanding FSLA claims and the class claims recently dismissed from the Orange County action. Although the Superior Court granted Robinson's motion to dismiss the class claims, that dismissal was granted without prejudice. Order, Ex. C to Opp'n, Doc. No. 12-1. Robinson may seek to amend its state complaint to include the dismissed state law claims as well as the FSLA claims pled in the federal complaint. Defendant has also sought reconsideration of the dismissal on the grounds that it did not receive the opportunity to oppose dismissal. Motion for Reconsideration, Ex. 2 to RFJN, Doc. No 16. However, this court cannot predict whether defendant's motion will be granted or whether the court will grant plaintiff leave to bring class claims. Therefore, this factor weighs only slightly, if at all, in favor of the exercise of federal jurisdiction. However, that factor is tempered a great deal by the fact that the differences between the

state and federal proceedings were created deliberately by Robinson and the other federal plaintiffs. Specifically, any apparent inadequacy of the state forum was created intentionally by them when Robinson sought a dismissal of the class claims just three days after defendant filed its motion to dismiss or stay in this court. Application to Dismiss, Ex. B to Opp'n, Doc. No. 12-1.

### F.   Forum Shopping

Courts should not decline jurisdiction based on the forum shopping factor alone. Fed. Deposit Ins. Corp., 885 F.2d at 637. In Federal Deposit, the Ninth Circuit declined to issue a stay because the previously filed state court action had been dismissed in its entirety, prior to defendant's motion for dismissal. Id. at 635. The court concluded that a stay under the Colorado River doctrine was not proper because the threshold requirement of the "contemporaneous exercise of concurrent jurisdictions" was not present. Id. at 638 (emphasis omitted). Although the federal plaintiffs had arguably created a forum shopping problem, the circumstances presented "substantial doubt" as to the adequacy of the state court litigation for resolution of the issues between the parties. The Ninth Circuit thus held that the court's decision to decline jurisdiction was an abuse of discretion. Id. at 638.

In the present case, the "contemporaneous exercise of concurrent jurisdictions" exists in addition to a forum shopping problem. The state court action is ongoing although the class related claims have been dismissed without prejudice. That dismissal is currently under review by the state court. Motion for

Reconsideration, Ex. 2 to RFJN, Doc. No 16. Defendant has also claimed in its motion to reconsider that Robinson's asserted reasons for seeking the dismissal are pretextual and that prejudice to potential class members will result from the dismissal. Id.

Here, the federal plaintiffs' obvious forum shopping is so extreme that this factor emerges as the most prevalent consideration under the Colorado River doctrine. Specifically, Robinson first filed its action in Alameda County. On motion by defendant, the case was transferred to Orange County because the court found insufficient contacts with Alameda County. At that point, Robinson asked the Orange County court to remove the action to the Northern District. The court refused, at which time Robinson and the other federal plaintiffs filed a nearly identical complaint in the Eastern District with an additional claim under the FSLA premised by the same conduct underlying some of the state claims. After defendant submitted its motion to dismiss or stay the federal action, Robinson sought and received a dismissal of the class claims from its state complaint. Given the obstacles such blatant forum shopping creates for "wise judicial administration" this factor sharply tips the balance in favor of a stay.

**G.   Policy Behind Removal Statute**

Where there is any doubt regarding the district court's right to decline jurisdiction under the Colorado River doctrine, the Ninth Circuit's interpretation of the removal statute reaffirms that right in these circumstances. In American International Underwriters, 843 F.2d at 1261, the Ninth Circuit held that a

1  district court is justified in dismissing a complaint when the
2  plaintiff attempts to circumvent the limitations of removal in 28
3  U.S.C. § 1441. "Noting that a plaintiff in a diversity suit can
4  choose between a state and federal forum when it initiates the
5  suit, the court concluded, [h]aving elected state court, plaintiff
6  should be bound by its choice absent compelling reasons to seek
7  relief in another forum. . . . [Plaintiff] should not be permitted
8  to accomplish, by the refiling of its state court complaint, what
9  would clearly be prohibited if [plaintiff] tried to remove to state
10 court." American Int'l Underwriters, 843 F.2d at 1261 (internal
11 quotation omitted).

12     Here, as in American International Underwriters, Robinson
13 selected a state forum at the time of initial filing. The case
14 presents no compelling reasons to permit the federal plaintiffs to
15 seek relief in another forum. Therefore, a stay of the federal
16 action is justified under American Int'l Underwriters and the
17 prohibitions against removal by a plaintiff.

## IV. CONCLUSION

For the foregoing reasons, defendant's motion to dismiss the federal action (Doc. No. 9) is GRANTED.[3] The clerk of court is instructed to close this case.

IT IS SO ORDERED.

DATED: May 31, 2011.

LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

---

[3] The court does not find a stay warranted in this case.

14